UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON L. NOHR, Receiver for <br> MSC HOLDINGS USA, LLC, <br> MSC HOLDINGS, INC., and <br> MSC GA HOLDINGS, LLC <br><br> Plaintiff, <br><br> v. <br><br> CORRINA JANG, et. al. <br><br> Defendants. | Case No. 1:14-cv-02761-SCJ |

## DEFENDANT JULIE STARCHER'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Local Rule 7.1 and Fed. R. Civ. P., Rule 12(b)(6), Defendant Julie Starcher files this motion to dismiss and memorandum of law in support and further state as follows:

### I.   INTRODUCTION

Plaintiff sued the wrong person.  Julie Starcher did not receive the alleged "false profit" that Plaintiff seeks to recover from her.  Contrary to Plaintiff's Complaint, Julie Starcher invested nothing into the Receivership Defendants and received nothing from the Receivership Defendants.

1

Actually, Julie Starcher's father, James Sheffield, who is also a Defendant in this action, made the alleged $50,000.00 investment and received all of the alleged "false profit" that Plaintiff erroneously attributes to Julie Starcher in ¶ 407 of the Complaint.

Except for ¶¶ 407-411, the Complaint does not allege specific facts against Julie Starcher. The substantive allegations in ¶¶ 77-107 of Plaintiff's Complaint consist only of general and conclusory allegations pertaining to the Receivership Entities and the Defendants as a group. Plaintiff's Complaint improperly lumps Julie Starcher together with all the other Defendants when the facts are not the same for all Defendants.

Plaintiff's Complaint also fails to allege sufficient facts to establish the "Ponzi scheme presumption" upon which Plaintiff relies in this case. Plaintiff's stated basis for invoking the Ponzi Scheme Presumption is an incorrect allegation that Receivership Defendants Alexander and McClintock admitted operating a Ponzi scheme, when, in fact, they expressly did not admit it.

Plaintiff's claims fail as a matter of law and this Court should dismiss the Complaint with prejudice.

## II. ARGUMENT

### A. Motion To Dismiss Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must "allege sufficient facts (taken as true) that would show 'plausible grounds'" on which to grant relief. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 2007 WL 4373980, at *2 (N.D. Ga. Dec. 11, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)), aff'd, 626 F.3d 1327 (11th Cir. 2010); see also *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (explaining that, although a court should take the factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party, the court is "not ... required to accept the labels and legal conclusions in the complaint as true") (citation omitted).

"Plausibility is the key, as the 'well-pled allegations must nudge the claim across the line from conceivable to plausible.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; see also *Racetrac Petroleum v. Ace Am. Ins. Co.*, 841 F. Supp. 2d 1286,

1289-90 (N.D. Ga. 2011). As explained below, Plaintiff's Complaint fails to satisfy this threshold standard.

**B.    Count I of the Complaint (Fraudulent Transfers) Should be Dismissed As To Julie Starcher.**

Count I of Plaintiff's Complaint based on alleged fraudulent transfers fails to allege sufficient facts to show plausible grounds to state a fraudulent transfer claim against Julie Starcher.  Here, the only substantive allegations in the Complaint that are specific to Julie Starcher are made in ¶¶ 407-411 of the Complaint, which state, in their entirety:

> 407.   Defendant Julie Starcher received $24,907 in "false profit" payments from the Receivership Defendants (i.e., over the return of the principal amount she "invested").
>
> 408.   The dates and amounts of the payments the Defendant made to and received from the Receivership Defendants and entities are described in "Exhibit A" (attached).
>
> 409.   The Receiver demands that Defendant Starcher return $24,907 in "false profits".
>
> 410.   Equity requires that she do so.
>
> 411.   The Receiver will use those funds to make equitable distribution to all investors.

Complaint, ¶¶ 407-411.

Those allegations are nothing but conclusory allegations and statements of what the Receiver demands and what the Receiver says he will

4

do with the money. The remainder of the Complaint's substantive allegations consist of general, conclusory and contradictory allegations about the Receivership Defendants and different types of transfers allegedly made "to Defendants" as a group. For example, the Complaint alleges that "[p]ayments of 'referral fees' and 'false profits' to Defendants were made…") (Complaint, ¶ 91), when Julie Starcher did not receive any "referral fees," and there is no allegation specific to her that she did.

Furthermore, with regard to Count I, Plaintiff's Complaint also fails to plead sufficient facts regarding the "Ponzi Scheme Presumption." Plaintiff's Complaint expressly states that "proof of actual fraud" is predicated upon the "Ponzi Scheme Presumption," and that application of the Ponzi Scheme Presumption is "[b]ased upon the Receivership Defendants' admissions, and the facts establishing the Receivership Defendants' operation of a fraudulent and insolvent Ponzi scheme in the SEC action…." Thus, Plaintiff's sole basis for invoking the Ponzi Scheme Presumption is (1) supposed "admissions" made by McClintock and Alexander in the SEC action (not this action), and (2) other "facts" pleaded in the SEC action (not this action).

See Complaint, ¶ 86.[1]

However, the Receivership Defendants made no such admission. In fact, Alexander and McClintock consented to the entry of permanent injunctions expressly "**[w]ithout admitting … the allegations of the complaint**…."[2] Plaintiff's reference to "the Receivership Defendants'

---

[1] Specifically, Plaintiff stated in paragraphs 85 and 86 of the Complaint:

> On November 28 and 29, 2012, Receivership Defendants Alexander and McClintock consented to the entry of permanent injunctions against them, admitted that they operated a fraudulent Ponzi-type scheme, and settled the SEC's allegations against them in the Receivership Court (except as to the amount of disgorgement, which is to be determined at a later date).
>
> <u>Based upon the Receivership Defendants' admissions, and the facts establishing the Receivership Defendants' operation of a fraudulent and insolvent Ponzi scheme in the SEC action, the well-established 'Ponzi Scheme Presumption' applies and proof of actual fraud is presumed to exist</u> in the fraudulent transfer and recovery actions filed in the Receivership Court.

See Complaint, ¶¶ 85-86 (emphasis added).

[2] See Consent of Defendant Billy Wayne McClintock, Individually and Doing Business as MSC Holdings, to Permanent Injunction and Other Relief, ¶ 2, and Consent of Defendant Dianne Alexander, AKA Linda Diane Alexander, to Permanent Injunction and Other Relief, ¶ 2, available at www.pacer.gov, Case 1:12-cv-04028-SCJ, Documents 9 and 10.

admissions" is a mischaracterization of the Consents entered in another case.

Although Plaintiff's complaint makes the conclusory allegation that "Receivership Defendants McClintock and Alexander consented to the entry of permanent injunctions against them, [and] admitted that they operated a fraudulent Ponzi-type scheme," the consents of McClintock and Alexander that are referenced in the complaint plainly show that this is not the case. "[The court's] duty to accept the facts in the complaint as true does not require [the court] to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).  Here, Plaintiff's specific reference to an admission by Receivership Defendants McClintock and Alexander that they operated a Ponzi scheme is contradicted by the consent documents that were specifically referenced in the Complaint in connection with the supposed admissions.  As in *Griffin Indus., Inc.*, the consent documents, which belie any such admission, govern.

In the absence of the Ponzi Scheme Presumption, in order to survive this motion to dismiss, Plaintiff was required to allege sufficient facts under

the heightened pleading standard set forth in Rule 9(b), Fed.R.Civ.P. showing plausible grounds for actual fraud to exist in the alleged transfer to Julie Starcher. In the present case, Plaintiff did not allege such facts. Rather, Plaintiff made an incorrect allegation that Receivership Defendants admitted operating a Ponzi scheme, referred to allegations made by the Securities and Exchange Commission in the Receivership case, and made only general and conclusory allegations in this case. Those allegations do not satisfy the heightened pleading standard set forth in Rule 9(b), Fed.R.Civ.P.

For all of the foregoing reasons, Count I of the Complaint should be dismissed as to Julie Starcher.

**C.     Count II of the Complaint (Unjust Enrichment) Should be Dismissed As To Julie Starcher.**

Count II of the Complaint based on unjust enrichment fails to allege sufficient facts to show plausible grounds to state a claim against Julie Starcher. "Under Georgia law, '[t]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated.' … Thus, the essential elements of the claim are that (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the

failure to so compensate would be unjust." *Clark v. Aaron's, Inc.*, 914 F.Supp.2d 1301, (N.D. Ga. 2012).

Plaintiff has not alleged facts specific to Julie Starcher showing plausible grounds for an unjust enrichment claim. Instead, just as with the fraudulent transfer claim, Plaintiff relies on labels and conclusory allegations against all Defendants that do not constitute well-pleaded facts to state a claim.

In addition, Plaintiff's allegations incorrectly treat the unjust enrichment and fraudulent transfer claims as duplicative. Such a duplicative claim should be dismissed where, as here, it relies on the same allegations and implausible inferences as in the fraudulent transfer claim. *See* generally, *Hays v. Page Perry, LLC*, 2014 WL 2619197 at *7 (N.D. Ga., Jun. 10, 2014) (dismissing fiduciary duty and contract claims because "they rely on the same allegations and implausible inferences as in the legal malpractice claim.")

Moreover, the remedy sought by Plaintiff is disgorgement of alleged "false profit." "'Disgorgement is designed to deprive a <u>wrongdoer</u> of unjust enrichment, and to deter others from violating securities laws by making violations unprofitable.'" *Hays v. Adam*, 512 F.Supp.2d 1330, 1342 (N.D.

9

Ga. 2007). The Complaint does not allege any wrongdoing by Julie Starcher.

For all of the foregoing reasons, Count II (unjust enrichment) should be dismissed as to Julie Starcher.

## III.   CONCLUSION

For all of the above reasons, Defendant Julie Starcher respectfully requests that this Court dismiss the Complaint with prejudice.

This 2nd day of February, 2015.

/s/ Jason R. Doss_____
Jason R. Doss
Georgia bar No. 227117
Samuel T. Brannan
Georgia Bar No. 076688
The Doss Firm, LLC
36 Trammell Street, Suite 101
Marietta, Georgia 30064
(770) 578-1314 (Telephone)
(770) 578-1302 (Facsimile)
jasondoss@dossfirm.com

Counsel for Defendant Julie Starcher

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 7.1(D) of the Local Rules of the District of Georgia, the undersigned counsel hereby certifies that the foregoing document was prepared in a font and point selection approved by this Court and authorized in Local Rule 5.1(C).

<u>s/Jason R. Doss</u>_____
Jason R. Doss
Georgia

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON L. NOHR, Receiver for ) <br> MSC HOLDINGS USA, LLC, ) <br> MSC HOLDINGS, INC., and ) <br> MSC GA HOLDINGS, LLC ) <br> ) <br> Plaintiff, ) <br> ) Case No. 1:14-cv-02761-SCJ <br> v. ) <br> ) <br> CORRINA JANG, et. al. ) <br> ) <br> Defendants. ) <br> _____/ | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the forgoing *Defendant Julie Starcher's Motion to Dismiss and Memorandum of Law In Support* with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

Submitted this 2nd day of February, 2015.

/s/ Jason R. Doss_____
Jason R. Doss
Georgia Bar No. 227117
The Doss Firm, LLC
36 Trammell Street, Suite 101
Marietta, Georgia 30064
(770) 578-1314 (Telephone)
(770) 578-1302 (Facsimile)
jasondoss@dossfirm.com

12