ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
BY: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JASON L. NOHR, Receiver for MSC HOLDINGS USA, LLC, MSC HOLDINGS, INC, and MSC GA HOLDINGS, LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE # 1:14-cv-02761-SCJ |
| v. | ) ) | |
| CORINNA JANG, et. al | ) ) | |
| Defendants. | ) | |

**MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Local Rule 7.1 and Fed.R.Civ.P., Rule 12(b)(1), the following Defendants BARBARA LINGENFELTER; BRUCE MARSHALL; BRYON MOORE AND REBECCA MOORE; CHRISTINE PERRY; DAPHNE SWILLING; ELAINE PREWITT; GEOFFREY MAROTT, AMY MAROTT; JAMES BRETT ALEXANDER; JOAN HEINTZ; JOEY SHEFFIELD, LORI SHEFFIELD; JOSEPH WATKINS, SHANDA WATKINS; TANGIE KING; THINH TRAN, HANH TRAN, ASHLEY TRAN; acting collectively, and not as representing each other, file this motion to dismiss and memorandum of law in support showing this court has been deprived of Constitutional jurisdiction as there is no controversy over which this Court has jurisdiction to decide and further state as follows:

1

**FACTS:**

Each and every one of the above movants tendered a promissory note in the amount described in their individual solemn declarations to the Plaintiff in the above captioned case. Those solemn declarations are attached and incorporated herein as though set forth fully. As noted in those solemn declarations, in each and every instance the Plaintiff has retained each and every note.

**STANDARD FOR REVIEW:**

When the defendant challenges standing via a motion to dismiss, "both trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." **Warth v. Seldin**, 422 US 490, 501 (1975); as cited in **Timber Purchasers Council v. Alcock**, 993 F. 2d 800, 804 (11th Cir. 1993).

An exception to the above general rule occurs when there is a factual attack on the existence of a court's subject matter jurisdiction where matters outside the pleadings, such as testimony and affidavits, are considered. **Lawrence v. Dunbar**, 919 F.2d 1525, 1529 (11th Cir. 1990).

> "But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction — its very power to hear the case — there is substantial authority that the trial court

2

is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." **Lawrence v. Dunbar**, supra.

Article III of the Constitution confines the federal courts to adjudicating actual `controversies.' **Allen v. Wright**, 468 U.S. 737, 750 (1984); see also **Alabama-Tombigbee Rivers Coal. v. Norton**, 338 F.3d 1244, 1252 (11th Cir. 2003). "[T]he `case or controversy' requirement defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded." Id. A central component of Article III's "case or controversy" requirement is that the litigant must have standing to invoke the power of the federal court. **Allen v. Wright,** at 750. Standing is an essential and unchanging part of the case-or-controversy requirement of Article III. **Lujan v. Defenders of Wildlife**, 504 U.S. 555, 560 (1992). At an irreducible constitutional minimum, a plaintiff must show an injury-in-fact. **Lujan,** @ 560.

In a receivership case, as an initial matter, the court must first determine whether the receiver has standing to seek recovery of finder's fees and so-called interest paid to the defendants by MSC HOLDINGS USA, LLC, MSC HOLDINGS, INC, and MSC GA HOLDINGS, LLC. **Hays v. Adam**, 512 F.Supp.2d 1330, 1341 (ND

3

Georgia 2007). An equity receiver may sue only to redress injuries to the entity in receivership. See e.g., **Scholes v. Lehmann**, 56 F.3d 750, 753 (7th Cir.1995) (holding an equity receiver may sue only to redress injuries to the entity in receivership) as cited in **Hays v. Adam**, supra.

If the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction. **Guevera v. Republic of Peru**, 468 F.3d 1289, 1305 (11th Cir. 2006); also **Univ. of S. Ala. v. Am. Tobacco Co.**, 168 F.3d 405, 410 (11th Cir.1999).

**EFFECT OF THE PROMISSORY NOTES TENDERED:**

O.C.G.A. § 11-3-310 (2014) Effect of instrument on obligation for which taken:

> (b) Unless otherwise agreed and except as provided in subsection (a) of this Code section, if a **note** or an uncertified check is taken for an obligation, **the obligation is suspended** to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken, and the following rules apply:
>
>> (2) In the case of a **note, suspension of the obligation continues until dishonor of the note or until it is paid.** Payment of the note results in discharge of the obligation to the extent of the payment; (emphasis added)
>
> 15 U.S. Code § 1692e - False or misleading representations
>
>> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the

4

general application of the foregoing, the following conduct is a violation of this section:

"(2) The false representation of—
    "(A) the character, amount, or legal status of any debt; or"

O.C.G.A. § 11-3-603 (2014) Tender of payment

(a)  If  tender  of  payment  of  an  obligation  to  pay  an instrument  is  made  to  a  person  entitled  to  enforce  the instrument,  the  effect  of  tender  is  governed  by  principles of  law  applicable  to  tender  of  payment  under  a  simple contract.

O.C.G.A. § 13-3-1 (2014) Essentials of contracts generally

To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate.

Included  as  part  of  the  definition  of  assent  is  the  term

acquiescence:  the  act  or  condition  of  acquiescing  or  giving

tacit  assent;  agreement  or  consent  by  silence  or  without

objection.[1]

In **Cantrell v. Henry County**, 250 Ga. 822, 825 (1983) the

Court opines:

"*Implied assumpsit* is an undertaking presumed in law to have been made by a party, from his conduct, although he has not made any express promise."

**ARGUMENT:**

---

[1]www.dictionary.com

5

The tendering of the promissory notes by the above named defendants suspended their obligations as a matter of law and fact. O.C.G.A. § 11-3-310(b)(2). 15 U.S.C. § 1692e(2)(a) prohibits the Plaintiff in this instant case from giving a false representation to this Court as to the legal status of the debt. Under O.C.G.A. § 11-3-603(a) when the above named Defendants tendered their promissory notes they triggered the principles of law applicable to tender of payment under a simple contract. One of those principles is the principle of assent or acquiescence recognized by the Georgia Supreme Court by the phrase "implied assumpsit". The Plaintiff's actions respecting his treatment of the above named Defendant's promissory notes created an "implied assumpsit". As the case is postured at this time there is no "controversy" over which this Court may constitutionally exercise its jurisdiction and the causes of action against the above named Defendants must be dismissed.

Wherefore, the above named Defendants respectfully demand that the causes of action against the above named Defendants be dismissed with prejudice.

Submitted this 21 day of February, 2015.

Bruce Marshall
P.O. Box 1230, El Prado, NM 87529
Physical address: Carson Estates

Unit 5 Blk 169 Lot A, El Prado, NM
87529
wordguru3@newmex.com
Phone: 575-779-9560

I have been given consent to say that the following defendants
desire to join me on this motion. These defendants have not
given me consent to represent them, nor have I consented to
represent them, and each has read this motion and has had an
opportunity to collaborate on it as if it was their own and it
is their desire what follows be accepted as their digital
signatures per F.R.Civ.P. Rule 11:

| | |
|---|---|
| BARBARA LINGENFELTER<br>300 Chipeway Avenue, Daytona Beach, FL 32118 | sunshinebchfl@aol.com<br>386-846-2645 |
| BRYON MOORE, REBECCA MOORE<br>1520 Dads Road, Baker, FL 32531 | bmoore121060@yahoo.com<br>850-902-0330 |
| CHRISTINE PERRY<br>PO Box 1167, Burnesville, NC 28714 | perrysperch@frontier.com<br>828-208-8989 |
| DAPHNE SWILLING<br>3612 Maiden Drive, Chattanooga TN 37412 | peregrin1@aol.com<br>423-580-4366 |
| ELAINE PREWITT<br>5211 Highway 461, Somerset, KY 42503 | elaine06@netscape.com<br>606-261-6677 |
| GEOFFREY MAROTT, AMY MAROTT<br>125 Royal Burgess Way, McDonough, GA 30253 | marottg@aol.com<br>678-640-7272 |
| JAMES BRETT ALEXANDER<br>PO Box 1032, Cummings, GA 30028 | jbrettalexander@gmail.com<br>404-580-2465 |
| JOAN HEINTZ<br>11480 SW 22 Court, Davie, FL 33325 | heintz7@att.net<br>954-423-4151 |
| JOEY SHEFFIELD, LORI SHEFFIELD<br>497 Grandflora Drive, McDonough, GA 30253 | shef4900@bellsouth.net<br>678-371-4762 |
| JOSEPH WATKINS, SHANDA WATKINS<br>40 Allie Drive, McDonough, GA 30252 | joe.watkins@me.com<br>770-712-5144 |
| TANGIE KING | tangieking@gmail.com |

7

| | |
|---|---|
| 7043 S. Cannon Place Drive, Rockford MI 49341 | 616-821-9847 |
| THINH TRAN, HANH TRAN, ASHLEY TRAN<br>1525 Bramble Bush Way, Suwanee, GA 30024 | tran9386@gmail.com<br>678-294-9184 |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 7.1(D) of the Local Rules of the District of Georgia, the undersigned hereby certifies that the foregoing document was prepared in a font and point selection approved by this Court and authorized in Local Rule 5.1(C).

_____
Bruce Marshall

**CERTIFICATE OF SERVICE**

I hereby certify that I placed in the mail, 1st class; postage paid a copy of the foregoing addressed to:

CAUTHORN NOHR & OWEN
Attn. Jason L. Nohr
212 Church Street
Marietta, Georgia 30060


Dated: February 21, 2015

_____
Bruce Marshall

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
BY: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON L. NOHR, Receiver for )
MSC HOLDINGS USA, LLC, )
MSC HOLDINGS, INC, and MSC )
GA HOLDINGS, LLC, )
                      )
Plaintiff, )     CIVIL ACTION FILE #
                      )     1:14-cv-02761-SCJ
v. )
                      )
CORINNA JANG, et. al )
                      )
Defendants. )

### SOLEMN DECLARATION OF BRUCE MARSHALL

     I, BRUCE MARSHALL, solemnly declare under penalty of perjury per 28 USC § 1746(1) that what follows is true:

1) On May 19, 2014, I sent Jason Nohr, receiver on this above captioned case, a promissory note in the amount of $120,000.00 as a way of settling the above captioned case.

2) The promissory note was sent to Mr. Nohr by Certified Mail, Return Receipt, Restricted Delivery. On May 22, 2014, Mr. Nohr signed for the delivery. I have proof of receipt in my possession.

3) I arrived at that amount by referring to the amount relating to me as filed by Jason Nohr in the civil complaint.

4) Mr. Nohr acknowledged receipt of the promissory note in a letter dated May 22, 2014. In that letter Mr. Nohr stated, "The Receivership has made demand upon you for actual payment, not merely a promise to pay at some later time. I believe you are mistaken about the meaning and legal significance of the purported 'promissory note' you provided, and I urge you to seek the counsel of a licensed attorney about the Receivership's demand."

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Feb. 13, 2015.

Bruce Marshall
P.O. Box 1230, El Prado, NM 87529
Physical address: Carson Estates
Unit 5 Blk 169 Lot A, El Prado, NM
87529
Email: wordguru3@newmex.com
Phone: 575-779-9560

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

FEB 23 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

JASON L. NOHR, Receiver for    )
MSC HOLDINGS USA, LLC,         )
MSC HOLDINGS, INC, and MSC     )
GA HOLDINGS, LLC,              )
                               )
Plaintiff,                     )    CIVIL ACTION FILE #
                               )    1:14-cv-02761-SCJ
v.                             )
                               )
CORINNA JANG, et. al           )
                               )
Defendants.                    )

### SOLEMN DECLARATION OF Barbara Lingenfelter

I, Barbara Lingenfelter, solemnly declare under penalty of
perjury per 28 USC § 1746(1) that what follows is true:

1) On February 9, 2015 I sent Jason Nohr, receiver on this
above captioned case, a promissory note in the amount of
$654,000 as a way of settling the above captioned case.

2) I sent the note by First Class Certified Mail, return
receipt required, and I have proof of receipt in my
possession.

3) I arrived at that amount by referring to the amount
relating to me as filed by Jason Nohr in the civil complaint.

4) As of this writing, the receiver on this case has not
returned my note, nor has he protested or objected in any way.

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 18, 2015.

Barbara Lingenfelter
300 Chipeway Avenue
Daytona Beach, Fl 2118
386-846-2645
sunshinebchfl@aol.com

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
BY: _____
Deputy Clerk

JASON L. NOHR, Receiver for    )
MSC HOLDINGS USA, LLC,         )
MSC HOLDINGS, INC, and MSC     )
GA HOLDINGS, LLC,              )
                               )
Plaintiff,                     )    CIVIL ACTION FILE #
                               )    1:14-cv-02761-SCJ
v.                             )
                               )
CORINNA JANG, et. al           )
                               )
Defendants.                    )

## SOLEMN DECLARATION OF Bryan& Rebecca Moore

I, Bryan Moore, solemnly declare under penalty of perjury
per 28 USC § 1746(1) that what follows is true:

1) On February 11, 2015 I sent Jason Nohr, receiver on this
   above captioned case, a promissory note in the amount of
   $14,000  as a way of settling the above captioned case.

2) I sent the note by Certified Mail, return receipt.

3) I arrived at that amount by referring to the amount
relating to me as filed by Jason Nohr in the civil complaint.

4) As of this writing, the receiver on this case has not
returned my note nor has he protested or objected in any way.]

I declare under penalty of perjury under the laws of the
United States of America that the foregoing is true and correct.

1

Executed on February 11, 2015.

Bryan Moore
bmoore121060@yahoo.com
1520 Dads Road, Baker, FL 32531
850-902-0330

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JASON L. NOHR, Receiver for | ) | |
| MSC HOLDINGS USA, LLC, | ) | |
| MSC HOLDINGS, INC, and MSC | ) | |
| GA HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE # |
| | ) | 1:14-cv-02761-SCJ |
| v. | ) | |
| | ) | |
| CORINNA JANG, et. al | ) | |
| | ) | |
| Defendants. | ) | |

## SOLEMN DECLARATION OF Christine F.Perry

I, <u>Christine F Perry</u> solemnly declare under penalty of perjury per 28 USC § 1746(1) that what follows is true:

1) On November 12, 2014 I sent Jason Nohr, receiver on this above captioned case, a promissory note in the amount of $100,000.00] as a way of settling the above captioned case.

> 2) [Describe how you sent the note; certified, return receipt, etc. Also describe whether you received acknowledgment or proof of receipt. ie: I sent the note by Certified Mail and I have proof of receipt in my possession]

**1**

3) I arrived at that amount by referring to the amount relating to me as filed by Jason Nohr in the civil complaint.

4) As of this writing, the receiver on this case has not returned my note nor has he protested or objected in any way.]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 12, 2015.
Christine F Perry

perrysperch@frontier.com
1374 Mountian View RD
Burnsville NC 28714
828-682-1628

**2**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. Hatten, Clerk
BY:
Deputy Clerk

| | |
|---|---|
| JASON L. NOHR, Receiver for ) | |
| MSC HOLDINGS USA, LLC, ) | |
| MSC HOLDINGS, INC, and MSC ) | |
| GA HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE # |
| ) | 1:14-cv-02761-SCJ |
| v. ) | |
| ) | |
| CORINNA JANG, et. al ) | |
| ) | |
| Defendants. ) | |

## SOLEMN DECLARATION OF Daphne Swilling

I, Daphne Swilling, solemnly declare under penalty of perjury per 28 USC § 1746(1) that what follows is true:

1) On February 11, 2015 I sent Jason Nohr, receiver on this above captioned case, a promissory note in the amount of $110,000.00 as a way of settling the above captioned case.

2) I sent the note by certified receipt and I have proof of receipt in my possession.

3) I arrived at that amount by referring to the amount relating to me as filed by Jason Nohr in the civil complaint.

4) As of this writing, the receiver, on this case has not returned my note nor has he protested or objected in any way.

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 11, 2015.

Daphne Swilling
3612 Maiden Drive
Chattanooga, Tennessee 37412
423-580-4366
Peregrini1@aol.com

2

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
By: _____ Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON L. NOHR, Receiver for  )
MSC HOLDINGS USA, LLC,       )
MSC HOLDINGS, INC, and MSC   )
GA HOLDINGS, LLC,            )
                             )
Plaintiff,                   )      CIVIL ACTION FILE #
                             )      1:14-cv-02761-SCJ
v.                           )
                             )
CORINNA JANG, et. al         )
                             )
Defendants.                  )

### SOLEMN DECLARATION OF Elaine Prewitt

I, Elaine Prewitt solemnly declare under penalty of perjury per 28 USC § 1746(1) that what follows is true:

1) On January 6 2015 , I sent Jason Nohr, receiver on this above captioned case, a promissory note in the amount of $124,000.00 as a way of settling the above captioned case.

2) This note was sent certified mail, with a return receipt. I have proof of this receipt in my possession.

3) I arrived at that amount by referring to the amount relating to me as filed by Jason Nohr in the civil complaint.

1

4) As of this writing, the receiver on this case has not returned my note nor has he protested or objected in any way.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 10, 2015

*Elaine Prewitt*

Elaine Prewitt
5211 Highway 461
Somerset, KY   42503

606-274-4205

Elaine06@netscape.com

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

JASON L. NOHR, Receiver for ) 
MSC HOLDINGS USA, LLC, )
MSC HOLDINGS, INC, and MSC )
GA HOLDINGS, LLC, )
 )
Plaintiff, )      CIVIL ACTION FILE #
 )      1:14-cv-02761-SCJ
v. )
 )
CORINNA JANG, et. al )
 )
Defendants. )

## SOLEMN DECLARATION OF Geoffrey Marott

I, Geoffrey Marott, solemnly declare under penalty of perjury per 28 USC § 1746(1) that what follows is true:

1) On January 13th I sent Jason Nohr, receiver on this above captioned case, a promissory note in the amount of 18,600.00(Eighteen Thousand Six Hundred) as a way of settling the above captioned case.

2) I sent the information out on January 13th 2014 via Certified Mail. I did receive proof of acknowledgement that it was signed for on January 15th 2015. The receipts are in my possession.

1

3) I arrived at that amount by referring to the amount relating to me as filed by Jason Nohr in the civil complaint.

4) As of this date February 13th, I have not received any response from Cauthorn,Nohr&Owen—including a copy of the note.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 13th 2015

Geoffrey Marott-
Marottg@aol.com
125 Royal Burgess Way
McDonough, Ga 30253

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N, HATTEN, Clerk
BY:
Deputy Clerk

JASON L. NOHR, Receiver for     )
MSC HOLDINGS USA, LLC,          )
MSC HOLDINGS, INC, and MSC      )
GA HOLDINGS, LLC,               )
                                )
Plaintiff,                      )    CIVIL ACTION FILE #
                                )    1:14-cv-02761-SCJ
v.                              )
                                )
CORINNA JANG, et. al            )
                                )
Defendants.                     )

## SOLEMN DECLARATION OF Amy Marott

I, Amy Marott, solemnly declare under penalty of perjury
per 28 USC § 1746(1) that what follows is true:

1) On January 13th I sent Jason Nohr, receiver on this
above captioned case, a promissory note in the amount of
18,600.00(Eighteen Thousand Six Hundred) as a way of settling
the above captioned case.

> 2) I sent the information out on January 13th 2014 via
> Certified Mail. I did receive proof of acknowledgement
> that it was signed for on January 15th 2015. The
> receipts are in my possession.

1

3) I arrived at that amount by referring to the amount relating to me as filed by Jason Nohr in the civil complaint.

4) As of this date February 13th, I have not received any response from Cauthorn,Nohr&Owen—including a copy of the note.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 13th 2015

Amy Marott

Marottg@aol.com
125 Royal Burgess Way
McDonough, Ga 30253

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

JASON L. NOHR, Receiver for )
MSC HOLDINGS USA, LLC, )
MSC HOLDINGS, INC, and MSC )
GA HOLDINGS, LLC, )
)
Plaintiff, )          CIVIL ACTION FILE #
)                     1:14-cv-02761-SCJ
v. )
)
CORINNA JANG, et. al )
)
Defendants. )

## SOLEMN DECLARATION OF James Brett Alexander

I, **James Brett Alexander**, solemnly declare under penalty of
perjury per 28 USC § 1746(1) that what follows is true:

1) On February 9, 2015 I sent Jason Nohr, receiver on this
above captioned case, a promissory note in the amount of $89,000
as a way of settling the above captioned case.

2) The promissory note was sent regular mail

3) I arrived at that amount by adding 20% to the $74,003 that
I have been informed is owed by me.

4) To date I have not received a response

I declare under penalty of perjury under the laws of the
United States of America that the foregoing is true and correct.

Executed on 02/18/2015.

1

James Brett Alexander
jbrettalexander@gmail.com
P.O. Box 1032
Cumming, GA 30028
404-580-2465

name, complete address (including post office box or drawer
number and street address), telephone number, facsimile number

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

JASON L. NOHR, Receiver for    )
MSC HOLDINGS USA, LLC,         )
MSC HOLDINGS, INC, and MSC     )
GA HOLDINGS, LLC,              )
                               )
Plaintiff,                     )    CIVIL ACTION FILE #
                               )    1:14-cv-02761-SCJ
v.                             )
                               )
CORINNA JANG, et. al           )
                               )
Defendants.                    )

## SOLEMN DECLARATION OF Joan Heintz

I , Joan Heintz, solemnly declare under penalty of perjury
per 28 USC § 1746(1) that what follows is true:

1) On December 7, 2014 I sent Jason Nohr, receiver on this
above captioned case, a promissory note in the amount of
$2,500.00 as a way of settling the above captioned case.

1.2) I sent the note by Certified Mail and I have proof of
receipt in my possession]

3) I arrived at that amount by referring to the amount
relating to me as filed by Jason Nohr in the civil complaint.

4)  As of this writing, the receiver on this case has not
returned my note nor has he protested or objected in any way.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 10, 2015

Joan Heintz
heintz7@att.net
11480 SW 22 Court
Davie FL 33325
954-473-0354

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON L. NOHR, Receiver for )
MSC HOLDINGS USA, LLC, )
MSC HOLDINGS, INC, and MSC )
GA HOLDINGS, LLC, )
)
Plaintiff, )       CIVIL ACTION FILE #
)       1:14-cv-02761-SCJ
v. )
)
CORINNA JANG, et. al )
)
Defendants. )

## SOLEMN DECLARATION OF Joey and Lori Sheffield

I, Joey and Lori Sheffield, solemnly declare under penalty
of perjury per 28 USC § 1746(1) that what follows is true:

1) On December 15, 2014 I sent Jason Nohr, receiver on this
above captioned case, a promissory note in the amount of
$145,000.00 as a way of settling the above captioned case.

2) I sent the note by Certified Mail, receipt requested
and I have proof of receipt in my possession]

3) I arrived at that amount by referring to the amount
relating to me as filed by Jason Nohr in the civil complaint.

1

4) As of this writing, the receiver on this case has not returned my note nor has he protested or objected in any way.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 10, 2015

Joey and Lori Sheffield
497 Grandiflora Drive
McDonough, Ga. 30253
shef4900@bellsouth.net
678-371-4762

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
By: _____
          Deputy Clerk

JASON L. NOHR, Receiver for   )
MSC HOLDINGS USA, LLC,        )
MSC HOLDINGS, INC, and MSC    )
GA HOLDINGS, LLC,             )
                              )
Plaintiff,                    )     CIVIL ACTION FILE #
                              )        1:14-cv-02761-SCJ
v.                            )
                              )
CORINNA JANG, et. al          )
                              )
Defendants.                   )

### SOLEMN DECLARATION OF Joseph Watkins & Shanda Watkins

I, Joseph Watkins & Shanda Watkins, solemnly declare under penalty of perjury per 28 USC § 1746(1) that what follows is true:

1) On December 16, 2014 I sent Jason Nohr, receiver on this above captioned case, a promissory note in the amount of $15,000.00 as a way of settling the above captioned case.

2) I sent this note via certified mail.

3) I arrived at that amount by referring to the amount relating to me as filed by Jason Nohr in the civil complaint.

4) As of this writing, the receiver on this case has not returned my note nor has he protested or objected in any way.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 10, 2015

1

Joseph Watkins
40 Allie Dr. McDonough, GA 30252
770-712-5144, joe.watkins@pobox.com

Shanda Watkins
40 Allie Dr. McDonough, GA 30252
770-712-5144, joe.watkins@pobox.com

2

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
BY: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON L. NOHR, Receiver for      )
MSC HOLDINGS USA, LLC,           )
MSC HOLDINGS, INC, and MSC       )
GA HOLDINGS, LLC,                )
                                 )
Plaintiff,                       )      CIVIL ACTION FILE #
                                 )      1:14-cv-02761-SCJ
v.                               )
                                 )
CORINNA JANG, et. al             )
                                 )
Defendants.                      )

## SOLEMN DECLARATION OF Tangie King

I, Tangie King, solemnly declare under penalty of perjury per 28 USC § 1746(1) that what follows is true:

1) On February 13, 2015 I sent Jason Nohr, receiver on this above captioned case, a promissory note in the amount of 160,000 as a way of settling the above captioned case.

2) I sent out certified mail with return receipt and have proof of receipt in my possession. I did not receive an acknowledgement of receipt.

3) I arrived at that amount by referring to the amount relating to me as filed by Jason Nohr in the civil complaint.

1

4) As of this writing, the receiver on this case has not returned my note nor has he protested or objected in any way.]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 13, 2015
Tangie King
7043 s. Cannon place dr.
Rockford, Mi. 49341

*Tangie King*

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 3 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

JASON L. NOHR, Receiver for )
MSC HOLDINGS USA, LLC, )
MSC HOLDINGS, INC, and MSC )
GA HOLDINGS, LLC, )
)
Plaintiff, )       CIVIL ACTION FILE #
)       1:14-cv-02761-SCJ
v. )
)
CORINNA JANG, et. al )
)
Defendants. )

**SOLEMN DECLARATION OF Thinh Tran**

I, Thinh Tran , solemnly declare under penalty of perjury per

28 USC § 1746(1) that what follows is true:

1) On 02/12/2015   I sent Jason Nohr, receiver on this above

captioned case, a promissory note in the amount of $400000.00 as

a way of settling the above captioned case.

2) Certified, return receipt, etc. I sent the note by mail and

I have proof of receipt in my possession.

3) I arrived at that amount by referring to the amount

relating to me as filed by Jason Nohr in the civil complaint.

1

4)As of writing, the receiver on this case has not returned my note nor has he protect or objected in way

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on02/12/2015

Thinh Tran

1525 Bramble Bush Way

Suwanee, GA 30024

tran9386@gmail.com

678-294-9184

2