Case 1:14-cv-02761-SCJ   Document 247   Filed 04/07/15   Page 1 of 9

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR - 7 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JASON L. NOHR, Receiver for MSC HOLDINGS USA, LLC, MSC HOLDINGS, INC, and MSC GA HOLDINGS, LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE # 1:14-cv-02761-SCJ |
| v. | ) ) | |
| CORINNA JANG, et al., | ) ) | |
| Defendants. | ) | |

## MARSHALL DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS

The Marshall Defendants reply to Plaintiff and Receiver Jason Nohr's response to their motion to dismiss. Once again, the Marshall Defendants are acting collectively, and not as representing each other. The Marshall Defendants assert and show as follows:

**FACTS:**

The Plaintiff opens with his "Summary Statement" in which he states:

> "According to the Defendants, the Receiver must first satisfy the conditions unilaterally imposed in so-called "promissory notes" before attempting to collect the amounts

>    **they admittedly owe the Receivership Estate."** (Emphasis added.)

In Subsection D the Plaintiff states:

>    "In these documents, **the Defendants admit to owing the amounts sought in the Complaint** and also offered to repay additional money "in case any additional penalties and/or interest have accrued." (Emphasis added.)

The Marshall Defendants' Motion to Dismiss was filed pursuant to Fed.R.Civ.P., Rule 12(b)(1) and pointed this Court to authority standing for the well settled proposition that Article III of the Constitution confines the federal courts to adjudicating actual "controversies." We also pointed this Court to authority showing that at an irreducible constitutional minimum, a plaintiff must show an injury-in-fact. In addition, we showed with authority that in receivership cases this court must first determine whether the receiver has standing. And we argued that" "As the case is postured at this time there is no "controversy' over which this Court may constitutionally exercise its jurisdiction and the causes of action against the above named Defendants must be dismissed." In subsection B. of the Plaintiff's Response entitled "Motion To Dismiss Standard" all of the authority cited therein discuss F.R.Civ.P. Rule 12(b)(6), a rule the Marshall Defendants never cited to or relied on. In subsection C. of the Plaintiff's Response entitled "The Court

Has Jurisdiction over the Receiver's Fraudulent Transfer Claims" the Plaintiff makes the statement "These issues have been repeatedly resolved adversely to the Defendants and present no serious basis for relief," but then the Plaintiff only cites to a Federal District Court decision, a decision of dubious precedential value, and to a 7th Circuit decision which the Marshall Defendants understand to be only advisory to this Court and not controlling; and, the Plaintiff never develops an argument as to why there is a case in controversy over which this Court has authority to constitutionally determine. The Marshall Defendants assert that this authority is non-applicable to the facts in this case as the Plaintiff has failed to show that promissory notes having been tendered were part of the factual scenario in either of those cases. So the Plaintiff wants to use the promissory notes as an admission that the Marshall Defendants "owe the Receivership Estate" but he does not want to use them to admit the "case in controversy" over which this Court has jurisdiction has ended.

Also in subsection D of the Plaintiff's response the Plaintiff makes this conclusory statement, "While the Marshall Defendants cite to various inapplicable provisions of the Georgia Commercial Code..." but thereafter never develops an argument as to why they are inapplicable.

3

**AUTHORITY:**

The Plaintiff fails to adequately "brief" an issue when he does not "plainly and prominently" raise it, "for instance by devoting a discrete section of his argument to those claims." **Sapuppo v. Allstate Floridian Ins. Co.**, 739 F.3d 678, 681 (11th Cir. 2014). The Plaintiff must advance arguments and cite authority to establish what the Marshall Defendants have asserted is error. Id. The 11th Circuit has long held that the Plaintiff abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. Id. For the Plaintiff to simply state that an issue exists, without further argument or discussion, constitutes abandonment of that issue. Id. Any of the issues the Plaintiff raises perfunctorily without citation to authority constitutes waiver of the issue. Id. Abandonment of an issue can also occur when passing references appear in the summary section of a response, particularly when the references are mere "background" to the Plaintiff's main arguments or when they are "buried" within those arguments. Id. @ 682.

**RESPECTING THE "ABSURD CONDITIONS UNILATERALLY SELECTED BY DEFENDANTS"**

The Plaintiff in his response continues:

> "This promissory note argument is not based upon any actual agreement but the allegation the Receiver somehow

4

> acquiesced to its terms, **including conditions of "presentment and payment" the Receiver must comply with to obtain payment."** (Emphasis added.)
>
> "…There is also no legal authority requiring the Receiver **to satisfy the absurd conditions unilaterally selected by Defendants** to collect the money they admittedly owe. The Receiver is not seeking mere promises to pay." (Emphasis added.)

Once again the Plaintiff fails to support his conclusory and perfunctory statements with any authority. What the Plaintiff calls "absurd conditions unilaterally selected" is nothing more than O.C.G.A. § 11-3-501 (2014) expressed in layman's terms combined with the common courtesy of making an appointment.

**RESPECTING "NO CONTRACTUAL AGREEMENT BETWEEN THE PARTIES"**

In subsection D of the Plaintiff's response entitled "There Is No Contractual Agreement Between The Parties…" the Plaintiff writes:

> "The Marshall Defendants contend the Complaint must be dismissed because of an implied contract between the parties requiring the Receiver to satisfy various conditions before collecting the amounts the Defendants admittedly owe.
>
> "Essentially, the Defendants believe they can vanquish their debts simply by mailing the Receiver pieces of paper. There are no agreements of any kind between the parties, no authority requiring the Receiver to satisfy the Defendants' absurd conditions for repayment of what they owe, and no factual or legal basis supporting dismissal."

It has been held that when a check or draft is tendered in settlement of a disputed claim it is the duty of the party

5

receiving it to proceed with promptness to negotiate it or return it, and if he does neither an accord and satisfaction results. **Hamilton & Co. v. Stewart**, 108 Ga. 472, 476 (34 SE 123); **Plowden v. Hall**, 55 Ga. App. 321 (1) (190 SE 37); **Pan American Life Ins. Co. v. Carter**, 57 Ga. App. 294 (1) (195 SE 326); **Gay v. American Oil Co.**, 115 Ga. App. 18, 21 (153 SE2d 612); **Fidelity & Cas. Co. v. C. E. B. M., Ltd.**, 116 Ga. App. 92 (156 SE2d 467); **Holton Dodge, Inc. v. Baird**, 118 Ga. App. 316 (163 SE2d 346). The Plaintiff's receipt and retention of the notes estops him from setting up a denial of his acceptance of the offer. **Bass Dry Goods Co. v. Roberts Coal Co.**, 4 Ga. App. 520 (61 SE 1134). "Nothing could be clearer than the proposition that where one person delivers to another property, to be retained upon a condition stated, the party receiving it can not retain the property and repudiate the condition." **Hamilton & Co. v. Stewart**, 105 Ga. 300, 302 (31 SE 184). Accord: **Burgamy v. Holton**, 165 Ga. 384, 396 (141 SE 42); **Wilcox, Ives & Co. v. Rogers**, 13 Ga. App. 410 (79 SE 219); **Ryan v. Progressive Retailer Pub. Co.**, 16 Ga. App. 83 (84 SE 834); **Hornbuckle v. Continental Gin Co.**, 116 Ga. App. 449 (157 SE2d 829); **Fidelity & Cas. Co. v. C. E. B. M., Ltd.**, 116 Ga. App. 92.

Wherefore on the above bases the Marshall Defendants respectfully assert that it is entirely improper for this Court

6

to fill in the blanks left open by the Plaintiff's conclusory and perfunctory assertions unsupported by authority or argument and do the Plaintiff's legal research for him. Instead, this Court should treat all of those as the Plaintiff having abandoned the issues and grant the Marshall Defendant's Motion to Dismiss.

Submitted this 3rd day of April, 2015.

Bruce Marshall
P.O. Box 1230, El Prado, NM 87529
Physical address: Carson Estates Unit 5 Blk 169 Lot A, El Prado, NM 87529
wordguru3@newmex.com
Phone: 575-779-9560

I have been given consent to say that the following defendants desire to join me on this reply. These defendants have not given me consent to represent them, nor have I consented to represent them, and each has read this motion and has had an opportunity to collaborate on it as if it was their own and it is their desire what follows be accepted as their digital signatures per F.R.Civ.P. Rule 11:

| | |
|---|---|
| BARBARA LINGENFELTER<br>300 Chipeway Avenue, Daytona Beach, FL 32118 | sunshinebchfl@aol.com<br>386-846-2645 |
| BRYON MOORE, REBECCA MOORE<br>1520 Dads Road, Baker, FL 32531 | bmoore121060@yahoo.com<br>850-902-0330 |
| CHRISTINE PERRY<br>PO Box 1167, Burnesville, NC 28714 | perrysperch@frontier.com<br>828-208-8989 |
| DAPHNE SWILLING<br>3612 Maiden Drive, | peregrin1@aol.com<br>423-580-4366 |

Chattanooga TN 37412

ELAINE PREWITT
5211 Highway 461, Somerset, KY 42503
elaine06@netscape.com
606-261-6677

GEOFFREY MAROTT, AMY MAROTT
125 Royal Burgess Way, McDonough, GA 30253
marottg@aol.com
678-640-7272

JAMES BRETT ALEXANDER
PO Box 1032, Cummings, GA 30028
jbrettalexander@gmail.com
404-580-2465

JOAN HEINTZ
11480 SW 22 Court, Davie, FL 33325
heintz7@att.net
954-423-4151

JOEY SHEFFIELD, LORI SHEFFIELD
497 Grandflora Drive, McDonough, GA 30253
shef4900@bellsouth.net
678-371-4762

JOSEPH WATKINS, SHANDA WATKINS
40 Allie Drive, McDonough, GA 30252
joe.watkins@me.com
770-712-5144

TANGIE KING
7043 S. Cannon Place Drive, Rockford MI 49341
tangieking@gmail.com
616-821-9847

THINH TRAN, HANH TRAN, ASHLEY TRAN
1525 Bramble Bush Way, Suwanee, GA 30024
tran9386@gmail.com
678-294-9184

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(D) of the Local Rules of the District of Georgia, the undersigned hereby certifies that the foregoing document was prepared in a font and point selection approved by this Court and authorized in Local Rule 5.1(C).

*/s/ Bruce Marshall*

**Bruce Marshall**

**CERTIFICATE OF SERVICE**

I hereby certify that I placed in the mail, 1st class; postage paid a copy of the foregoing addressed to:

> CAUTHORN NOHR & OWEN
> Attn. Jason L. Nohr
> 212 Church Street
> Marietta, Georgia 30060

Dated: April 3, 2015

_____
Bruce Marshall