IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON L. NOHR, Receiver for MSC Holdings USA, LLC, MSC Holdings, Inc., and MSC GA Holdings, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CORRINA JANG, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:14-CV-02761-SCJ |

## ORDER

This matter appears before the Court on Defendants' Motion to Dismiss. Doc. No. [217].[1] For the following reasons, Defendants' motion is **DENIED**.

Plaintiff, the appointed Receiver for MSC Holdings USA, LLC, MSC Holdings, Inc., and MSC GA Holdings, LLC, filed the complaint in this action on

---

[1] Defendant Bruce Marshall filed this motion, collectively, with Barbara Lingenfelter, Bryon Moore, Rebecca Moore, Christine Perry, Daphne Swilling, Elaine Prewitt, Geoffrey Marott, Amy Marott, James Brett Alexander, Joan Heintz, Joey Sheffield, Lori Sheffield, Joseph Watkins, Shanda Watkins, Tangie King, Thinh Tran, Hanh Tram, and Ashley Tran. Id. at p. 1. Apparently recognizing that a non-lawyer may not represent others before this Court, Mr. Marshall specifically disavowed that he was representing any of the other Defendants who joined this motion. Id. at p. 7. Plaintiff also recognized this issue, among others, with Mr. Marshall's motion, but nonetheless consents to allowing these Defendants to proceed collectively. Doc. No. [225], p. 1 n.1. Given the *pro se* status of these Defendants and because there have been no objections filed, the Court construes Mr. Marshall's motion as filed collectively with, not on behalf of, the named Defendants contained within his motion.

August 26, 2014. Doc. No. [1]. Plaintiff alleges that Defendants are liable under O.C.G.A. § 18-2-74, the Georgia Uniform Fraudulent Transfers Act, and for unjust enrichment. Id.

Defendants' only argument is that Plaintiff does not have standing under Article III of the United States Constitution because there is not an actual case or controversy. Doc. No. [217], p. 1-7. In support of this theory, Defendants claim they have tendered a promissory note to Plaintiff that would satisfy his claims against them in full, but he has not rejected their payment nor returned the promissory note. Id. at p. 2, 6. Essentially, Defendants believe they settled this action because they each mailed Plaintiff a promissory note.

"A promissory note given in payment of a pre-existing debt will operate as payment when it is the express understanding of the parties that it shall be received as such." MacNerland v. Johnson, 137 Ga. App. 541, 544, 224 S.E.2d 431, 434 (1976). There is absolutely no evidence that Plaintiff accepted Defendants' unilateral tender of a promissory note to somehow settle the claims Plaintiff continues to bring against them. There is also no evidence that Plaintiff and Defendants ever intended that any promissory note would satisfy Plaintiff's claims. In fact, upon receipt of the promissory note, Plaintiff advised Defendant

2

AO 72A
(Rev.8/82)

Bruce Marshall to contact an attorney because Plaintiff did not believe Defendant Marshall understood the legal significance of the ongoing dispute between he and Plaintiff.[2] Doc. No. [225-2]. The Court finds that there is no evidence of any settlement, or contract to settle this action, between Plaintiff and Defendants, and Plaintiff maintains standing to bring his claims against Defendants. See Hays v. Adam, 512 F. Supp. 2d 1330, 1341 (N.D. Ga. 2007).

## CONCLUSION

Defendants' Motion to Dismiss (Doc. No. [217]) is **DENIED**.

**IT IS SO ORDERED**, this 16th day of September, 2015.

*/s/ Steve C. Jones*
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[2] Although not contained in the record, the Court sincerely hopes Plaintiff mailed similar letters suggesting the advice of counsel to every Defendant who sent him a promissory note with the same intentions as Defendant Marshall.

AO 72A
(Rev.8/82)